## HECK et al. v. SAN ANTONIO PUBLIC SERVICE CO.   (No. 7015.)

(Court of Civil Appeals of Texas. San Antonio. Nov. 14, 1923. Rehearing Denied Nov. 28, 1923.)

1. **Carriers ⚌320(22) — Whether car split switch because of street railroad's negligence held for jury.**

In action against a street railroad for injuries sustained by passenger when car split a switch, the question whether the accident could have been avoided by the street railroad by the exercise of that degree of care required of common carriers of passengers, as appropriately defined by the court, *held* for the jury.

2. **Carriers ⚌318(1) — Passenger's uncontradicted testimony as to pains and effect thereof held not to require finding that she was injured.**

In action against street railroad for injuries to passenger, passenger's uncontradicted testimony with reference to certain pains she felt, and the effect thereof, *held* not to require a finding that the passenger was injured, in view of the nature of such testimony, making it impossible to contradict it, and other testimony warranting the jury to disregard and disbelieve it.

Appeal from District Court, Bexar County; R. B. Minor, Judge.

Suit by Mrs. Hulda Heck and husband against the San Antonio Public Service Company. Judgment for defendant, and plaintiffs appeal. Affirmed.

Davis & Long, of San Antonio, for appellants.

Templeton, Brooks, Napier & Brown, of San Antonio, for appellee.

SMITH, J.   Mrs. Hulda Heck and her husband sued the public service company for damages for personal injuries alleged to have been sustained by Mrs. Heck, while a passenger upon one of the company's street cars on the outskirts of the city of San Antonio. It appears that the car on which Mrs. Heck was riding "split" a switch, the front truck of the car remaining on the main line track, while the rear truck was diverted onto a side track. This resulted in a more or less sudden stop of the car; it was a disputed fact as to whether or not any of the wheels left the tracks.

The cause was tried by jury, who found in response to special issues submitted to them (1) that the accident could not have been avoided by the exercise of that degree of care required of common carriers of passengers, as appropriately defined by the court; (2) that the accident did not cause any injuries to Mrs. Heck; and (3) the jury found no damages.

[1] Appellants assail the action of the court in submitting to the jury the issue of whether or not the accident could have been avoided by appellee, contending that the fact of the "derailment" was undisputed, that there was no evidence excusing or explaining the accident, and that therefore the negligence of the carrier will be presumed as a matter of law. We overrule this contention, in so far as it challenges the sufficiency of evidence. We conclude, as did the trial court, that there was evidence raising the issue submitted which renders the jury's finding thereon binding upon this as well as the court below. Several witnesses testified that the rate of speed at which the car was moving at the time it reached the switch was from 4 to 8 miles an hour, and at least one witness, the motorman, who ought to have been fully qualified, testified that it was running at the usual rate of speed, that the car was in good condition and working order, that the switch and switch point were in good order and condition. The only proffered explanation of the accident was that of the work car foreman, who ought to be qualified, and who testified that rock or gravel from the adjacent county roadbed may or could have been cast up, by the passage of the first truck, into position to hold the switch open to the second truck, thereby diverting the latter from the main track. Appellants' third, fifth, and sixth assignments of error will be overruled.

[2] By their fourth assignment of error, appellants complain of the trial court's refusal to peremptorily direct the jury to find for appellants upon the issues of negligence and injury. We overrule this assignment, for the reason that we think the evidence was sufficient to raise both said issues. We have discussed the sufficiency of the testimony upon the first issue, and do not deem it necessary to set out that testimony in any greater detail. The testimony upon the issue of injury conflicted, and was of such nature as to amply support the jury's finding. It is contended by appellants that some of Mrs. Heck's testimony was uncontradicted, with reference to certain pains she felt and the effect thereof. Aside from the fact that this testimony was of such nature that it could not be contradicted, or even positively supported by others, there was testimony which warranted the jury, if they believed it, in wholly disregarding and disbelieving the uncontradicted testimony. The finding returned by the jury indicates that they did disbelieve and disregard it.

Appellant assigns no error to the second finding of the jury that the accident did not cause any injuries to Mrs. Heck. Moreover, as we have shown, the evidence amply supported that finding, which was impliedly approved by the trial court in refusing to set the verdict aside. This being true, and the

⚌For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes.

record being in this condition, it does not materially matter what the first finding was, or ought to have been. Whether the carrier was guilty or free of negligence, the passenger could recover no damages if the accident resulted in no injury to her. For this reason, if there were no other reason, the assignments of error, all but the seventh and last of which relate directly only to the sufficiency of the evidence on the first issue, should be overruled. The seventh assignment concerns the measure of, damages, and, being wholly immaterial to the disposition of the appeal, will, for that reason, be overruled.

This appears to have been purely a fact case, correctly tried and disposed of in the court below, and the judgment must be affirmed.